The last case on our calendar for argument this morning is number 21 1542 United States of America x rel TZ AC versus Christian Aid Thank you, and we have mr. Sandick appearing remotely I think Mr. Sandick are you there? Yes, I'm here that's correct, thank you very good you can turn off the video for the moment while we hear from mr. Abrams Good morning, David Abrams on behalf of the relator and the appellant I came here today because I wanted to emphasize a couple things first of all Personal jurisdiction in this matter what we're alleging is based on specific jurisdiction specifically the defendants Activities directed towards the United States more specifically application for USAID money and The second thing I wanted to say is I'm really asking for a bright line rule here that if someone applies to the United States for money That should be seen as minimum contacts That's a sufficient basis for personal jurisdiction for anything arising from that application I really have nothing more to say than that if you have any questions, though I'm sorry. I just isn't the law fairly clear though that the fact of merely Contracting with a party that's inside of a particular forum is not enough to confer personal jurisdiction. I mean the idea that essentially anyone who contracts With a party in the United States that there's this personal jurisdiction that the case law doesn't support that kind of I don't know if That's the bright line rule you're advocating for but the case law doesn't support that does it? Right. I'm saying if you apply to the United States for money If you apply to the government of the United States That's what I'm asking for. So if you call up Someone in another state, maybe that's you know, you can kind of argue it one way or another But I'm saying that you know If you if you apply to the government from the United States if you walk into the Social Security Office in Manila in the Philippines if you make a phone call and apply for disaster relief from somewhere in Europe That all is clearly activity directed at the United States specifically the government of the United States Do you agree that there's no indication in the USAID applications or materials that the United States government and USAID in particular was anticipating enforcement in the United States on United States in United States courts Is that correct? That's correct. Your honor. Yeah, and because it seemed to me that USAID might want to Reassure grant recipients that they will not have to come to the United States to discuss or work out disputes involving their contracts because they want to Spread those benefits widely and work with the NGOs to carry out programs So to impose such a requirement as you're proposing a bright line would set Would significantly interfere with USAID's conception of its program. Am I wrong in thinking that? Well, I mean The the government is free to do that They're they're free to say in the materials and by the way If there's a dispute that'll be resolved in your home country or that'll be resolved somewhere else Why do they have to say anything? Sorry? I'm sorry, I didn't get that Right, that could have been done too. It's not it's not said. Right. It's silent. It's not there. Right and You know when you apply for other kinds of government benefits I've never seen that in all my years something saying that if there's a dispute over this It's our courts that it'll be heard it. I don't think I think it's kind of common sense respectfully What do we make of the fact that the government did not choose to get to to intervene here that it didn't? apparently view this as a case where it wanted to to Come in on the side of enforcing personal jurisdiction here. Well, your honor That wasn't brief but under precedent That's not supposed to give rise to any sort of inference. The government chooses not to intervene for all kinds of reasons They might think the case is merit, but for various reasons they You know just don't want to expend resources on it In fact, that's the kind of the idea of the False Claims Act is that you know private parties will expend resources So I would respectfully submit that there's no There's no inference one way or another about what the government's position is based on the fact that they declined No, your honor that was that was never That was never an issue until after the case was unsealed To my knowledge I have nothing further to say if that's all right. Thank you. You've reserved three minutes of rebuttal then we'll hear from mr. Sandick Mr. Sandick Good morning, may it please the court? My name is Harry Sandick. I'm a partner at Patterson Delknap Webb and Tyler. I represent Christian Aid in this appeal Thank you for the opportunity to participate remotely today We asked that the court affirmed the decision of judge Castell to dismiss the amended complaint Because the court lacks personal jurisdiction over Christian Aid as judge Castell explained the relators allegations here are just insufficient To satisfy the minimum context required by the due process laws. There's no allegation that anything Occurred in the United States relevant to this case the certifications were signed outside of the US the aid work as it always is for USAID performed outside of the United States the alleged training classes performed in Lebanon not here and there are no allegations about the Negotiation or the discussion of the contracts and so far from requiring a bright line rule as my colleague the Relator Council asked the court to do The court can simply decide that whatever broader Policy implications may exist the complaint here was not sufficiently pled as the personal jurisdiction We also know that The fact that the government has not intervened and as far as we know has not changed the USAID Contract in the aftermath of judge Castell's decision Suggests that you know USAID did what it did for a reason they obviously could have as judge Castell explained They're a 16 billion dollar a year entity if they wanted to include a forum selection clause or a consent to jurisdiction Clause they could have done so it also bears noting that USAID is far from powerless to address issues in contract compliance As it notes on page 832 in the appendix USAID can unilaterally terminate the contract. They don't even have to go to court To do that they have tremendous leverage over their partners If Christian Aid had come to Washington to negotiate the contract in the terms of the grant with USAID And signed an application in Washington and so on do you think that would be enough to support personal jurisdiction? I'm not sure if that would have been enough But it would have certainly been more than has been alleged here And it would be closer to the types of facts in a case like Burger King The Supreme Court decision where if you go through there There's so many contacts besides the fact that the contract which I could review if it would be useful there I've identified seven specific allegations in Burger King None of which are present here the other thing I would note is that this court in a case called SPV OSIS versus UBS a couple of years ago Identified it was a jurisdiction case and the court said and I quote a handful of communications and transfers of funds are insufficient to allow the exercise of personal jurisdiction, so even if the Plaintiff could have alleged you know something more some quantum more than they did here It's not clear that that would have been enough where virtually everything relevant to this case Happened Outside of the United States and although the court doesn't need to reach the question of the reasonableness of the exercise of jurisdiction because it the court affirms that's a Subsequent issue, but I just note that you know a case about a London UK Nonprofit doing aid work in Africa and that an unrelated grant in Lebanon Apparently gives rise to these allegations To try that case in the United States makes very little sense and Suggests that the reason why USAID has not changed their Contracts in the aftermath of judge Castells opinion is for exactly the reason that's been suggested They wish to preserve Flexibility in working with partners around the world some of whom might not want that term in the contract And the other thing I would say is that again in many other cases there will be allegations of international organizations having had Contacts with the forum state beyond the contract and in those cases personal jurisdiction will lie So it's really just the specific facts of this case that you know we are here to address that If the plaintiff doesn't isn't able despite FOIA requests and years of working with the government to try to pursue this claim Can't allege that any of the relevant facts happened in the United States Then the case should be dismissed as judge Castell did here I'm happy to address other Questions or or points of law or the record if the court has questions I Think we have none. Mr. Sandick. Thank you. In that case. We'll rely on our papers. Thank you, Your Honor. Thank you Mr. Abrams, you've reserved three minutes for rebuttal Yeah, I also have nothing further to say so unless you have any more questions, I think everything's clear I'm a physician All right. Thank you very much. Thank you both for your arguments That concludes our calendar for oral argument this morning. We have one case for decision on submission. That's number 21 1064 United States versus Campbell the clerk will please adjourn court Oh